INSURANCE INSTITUTE OF MICHIGAN v COMMISSIONER FINANCIAL & INSURANCE SERVICES, DEPARTMENT OF LABOR & ECONOMIC GROWTH, Nos. 137400 and 137407. The parties shall include among the issues to be briefed: (1) whether, under § 64 of the Administrative Procedures Act (APA), MCL 24.264, the plaintiffs were permitted to bring an original declaratory judgment action in the circuit court without having first requested a declaratory ruling from the defendant; (2) whether § 244(1) of the Insurance Code, MCL 500.244(1), provides the exclusive means of seeking judicial review of rules promulgated by the defendant; (3) whether judicial review of the challenged administrative rules was limited to the administrative record prepared during the public hearing process, see § 104(3) of the APA, MCL 24.304(3), and *Michigan Ass'n of Home Builders v Dep't of Labor & Economic Growth*, 481 Mich 496 (2008); and (4) whether the challenged administrative rules (a) violated the plaintiffs' due process rights, (b) were valid and enforceable under the Insurance Code, (c) were arbitrary and capricious, or (d) exceeded defendant's rulemaking authority.

The motion for expedited consideration is granted. The Clerk of the Court is directed to place this case on the October 2009 session calendar for argument and submission. The Insurance and Indemnity Law Section of the State Bar of Michigan, the American Insurance Association, the Michigan Consumer Federation, and the National Consumer Law Center are invited to file briefs amicus curiae.

Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae. Reported below: 280 Mich App 333.

FIRST NATIONAL BANK OF CHICAGO v DEPARTMENT OF TREASURY, No. 137527. The parties shall include among the issues to be briefed: (1) whether the plaintiff assignee of the mortgage on the property in question had standing to assert the due process rights of its assignor, which was formerly known as BankBoston, NA; and, if so, (2) whether BankBoston's due process rights were violated by the defendants' mailing of notice to FNB—the entity into which BankBoston had merged and to which it had changed its name—at FNB's address, rather than to the Boston address listed on BankBoston's mortgage assignment. Reported below: 280 Mich App 571.